QUINN E. KURANZ OSB No. 114375
quinn@kuranzlaw.com
The Office of Q.E. Kuranz, Attorney at Law, LLC
65 SW Yamhill St., Suite 300
Portland, OR 97204
Telephone: 503-757-4749
Fax: 503-200-1289
**ATTORNEY FOR PLAINTIFF**

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| ENRIQUE GARCIA, <br><br> Plaintiff, <br> v. <br> SHERWOOD FOREST EQUESTRIAN CENTER, INC., a domestic Oregon Corporation, Danielle CARR, an individual, and Michael CARR, an individual, <br><br> Defendants. | CASE NO.:_____ <br><br> COMPLAINT – FAILURE TO PAY OVERTIME WAGES; STATE PENALTIES; LIQUIDATED DAMAGES-ORS 653.055; ORS 652.150; 29 USC §§ 206; 207; 216 <br><br> JURY DEMAND |

Plaintiff alleges:

**JURISDICTION AND VENUE**

1. Plaintiff lives in Tigard, Oregon.

2. Defendant Sherwood Forest Equestrian Center, Inc., is an Oregon Domestic Corporation, incorporated in the state of Oregon, with its principle place of business in Washington

Page 1   COMPLAINT -–WAGE CLAIM

County, Oregon.

3. Defendants Danielle Carr and Michael Carr are believed to be citizens of the state of Oregon, and residents of Washington County, Oregon.

4. This court has subject matter jurisdiction because the claims alleged herein arise under the Fair Labor Standards Act (FLSA). 28 USC § 1331.

5. Defendants have at least two employees and conduct annual gross revenue of at least $500,000.00 per year.

6. This court has subject matter jurisdiction over plaintiffs' state law wage claims because plaintiffs' state law claims arise from the same set of facts as plaintiffs' FLSA claims. 28 USC § 1337.

7. Plaintiffs' claims arose primarily in Washington County, Oregon. Venue in the Portland Division is appropriate.

## FACTS COMMON TO ALL CLAIMS

8. Defendants hired plaintiff in approximately 2007.

9. Defendants' business consists of providing room, board, and stable services for equestrian schools, as well as private boarding for horses for private horse owners. Defendants charge customers for these services on a monthly basis.

10. Plaintiff worked for defendants caring for the animals that were boarded at defendants' place of business.

11. From approximately 2007 to December 2014, plaintiff worked for defendants 7 days per week, between 10 to 12 hours per day, or sometimes more hours.

12. From approximately 2007 to December 2014, defendants paid plaintiff $350.00 per week

for his work.

13. From approximately December 2014 until December 2016, plaintiff worked for defendants 12 consecutive days, and then received 2 days off. Plaintiff worked between 10 to 12 hours per day or sometimes more.

14. From approximately December 2014 until December 2016, defendants paid plaintiff $600 per week.

15. Defendants Michael Carr and Danielle Carr were responsible for setting plaintiff's wages, setting plaintiff's work hours, paying plaintiff, and acting directly or indirectly in the interest of Sherwood Forest Equestrian Center, Inc., in relation to plaintiff and his employment.

16. On or about November 2, 2016, defendants terminated plaintiff. Defendant Michael Carr informed plaintiff that he was terminated.

17. Defendants Michael Carr, Danielle Carr, and Sherwood Forest Equestrian Center, Inc., were plaintiff's employer. 29 USC § 203(d).

18. On or about December 9, 2016, plaintiff sent written notice to defendants of his unpaid wages, unpaid overtime, liquidated damages, and attorney fees to defendants.

19. Defendants intended and knew that they were paying plaintiff a rate less than state and federal minimum wages and not paying him overtime.

## PLAINTIFF'S CLAIMS FOR RELIEF

*Plaintiff's Wage Claims*

20. Plaintiff incorporates all allegations in relation to his wage claims from paragraph 8 to paragraph 19.

21. Plaintiff is entitled to recover all wages owing for uncompensated hours in which plaintiff was suffered or permitted to work in excess of 40 hours per week.

22. Plaintiff is entitled to recover all wages for unpaid work.

23. Plaintiff is entitled to recover all wages owing for uncompensated hours in which plaintiff's regular hourly rate fell below state or federal minimum wage rates in any given week.

24. Plaintiff is entitled to recover liquidated damages in an amount equal to unpaid overtime wages. FLSA § 216.

25. Plaintiff is entitled to recover a state penalty equal to 240 hours at plaintiff's regular rate of pay for defendant's failure to pay overtime wages. ORS 653.055; ORS 652.150.

26. Plaintiff is entitled to recover a state penalty equal to 240 hours at plaintiff's regular rate of pay for defendants' willful failure to pay plaintiff state minimum wages. ORS 652.140; ORS 652.150. This violation is separate and distinct from plaintiff's claim for defendants' failure to pay overtime wages.

27. Plaintiff is entitled to recover costs, disbursements, and attorney fees for prevailing in any portion of his claim for unpaid wages. ORS 652.200; ORS 653.055; FLSA § 216.

Plaintiff demands a trial by jury.

DATED this January 17, 2017.

    /s/Quinn E. Kuranz
Quinn E. Kuranz, OSB #114375
Of Attorneys for Plaintiff